JACKSON v. EGAN et al.

(Supreme Court, Appellate Division, Second Department. May 26, 1910.)

MECHANICS' LIENS (§ 196*)—"CONTRACTOR"—"MATERIALMAN."

Under Lien Law (Consol. Laws, c. 33) § 2, providing that the term "contractor" means a person who enters into a contract with the owner of real property for the improvement thereof, and the term "materialman" means any person, other than the contractor, who furnished material for such improvement, a person who furnishes material, who also agrees with the owner of the real property to use that particular material in the erection of any structure on it, ceases to be simply a "materialman," and be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

comes a "contractor," and the lien of one so agreeing to install his material is deferred to the lien of a mere materialman subsequent in time.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 196.*

For other definitions, see Words and Phrases, vol. 2, pp. 1534–1537; vol. 8, p. 7616; vol. 5, p. 4409; vol. 8, p. 7718.]

Thomas, J., dissenting.

Appeal from Special Term, Kings County.

Action by Benjamin F. Jackson against Andrew Egan and others, involving priority of mechanics' liens. From orders in favor of defendant De Long, defendants Robins and the Brooklyn Builders' Supply Company appeal. Affirmed.

See, also, 134 App. Div. 986, 119 N. Y. Supp. 1130.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, CARR, and THOMAS, JJ.

Herbert Reeves, for appellant Robins.

W. C. Damron, for appellant Brooklyn Builders' Supply Company.

Mortimer M. Menken (Howard T. Cole, on the brief), for respondent

PER CURIAM. While injustice may result from affirming these orders, we can see no escape therefrom. The statute relating to mechanics' liens defines the words "materialman" and "contractor." If we transpose the order in which these definitions appear therein, it may assist in understanding it. The term materialman "means any person *other than a contractor* who furnishes material" for the improvement of real property. This would indicate that a person who furnishes material may, under certain circumstances, be a contractor. The term contractor "means a person who enters into a contract with the owner of real property for the improvement thereof." Therefore, if the person who furnishes material also agrees with the owner of real property to use that particular material in the erection of any structure upon it, he ceases to be simply a materialman, and becomes a contractor.

We do not claim that this exhaustively points out the difference between these two classes, but it is sufficient for the purposes of this case. De Long and the Brooklyn Builders' Supply Company were therefore materialmen, and Robins was a contractor. As De Long's lien was prior in point of time to that of the Brooklyn Builders' Supply Company, he is entitled to the surplus money as against it; and because he is a materialman, and not a contractor, he has a preference over Robins, notwithstanding Robins' lien was prior in point of time to his.

THOMAS, J. (dissenting). Egan, owner, for the purpose of improving his premises by building thereon five houses, made a contract in writing with defendant Robins to furnish and to install the plumbing material. In priority of time this is concededly the first lien. De Long submitted a written proposal, accepted by Egan, "to furnish you material enumerated below, for the five two-story brick houses

being erected by you on the north side of Forty-First street east of Fourteenth avenue, Brooklyn, according to plans." Thereupon follow descriptions of materials, identified by names, sizes, and to a large extent adaptation and proposed locations, and a gross sum in payment is stipulated; and then is added:

"We will not ask you to make separate payments for each house, but as the work progresses."

The proposal was submitted after necessary examination of the plans, but not the specifications. The Brooklyn Builders' Supply Company furnished brick, lath, and similar materials, by sending same from day to day at quoted prices. The plans were not consulted by it. The referee and court decided that Robins' lien was deferred to the others, as he was a contractor, and that De Long's lien was preferred to that of the Supply Company, as it was not based on a contract for the improvement of the property, and was prior in time to that of the Supply Company, whose status was otherwise similar to it. Robins and the Supply Company appeal.

The essential question is whether De Long entered into a contract for the improvement of the property. If he did, his lien is subject to the lien of the Supply Company. The question involves a critical study of an obscure statute. Why does Robins' lien rest on contract for improvement, and De Long's not? The similarities and dissimilarities may be traced. Both are in the form of written proposals accepted. Both stipulate for furnishing enumerated materials for specified houses. Both describe the materials in part, identify them by names and sizes, and to some extent state or indicate their location in the house. Both agreements provide for payment as the work progresses. The De Long contract in addition provides for "payments to be made per house as follows." Both vendors were informed by the plans. The single mentionable dissimilarity is that Robins agreed to install his material. Therefore the inquiry is narrowed to this: Does such a contract for supplying, without installing, materials for houses, leave De Long merely a preferred materialman, or does it reduce his lien to the priority of a mere contractor?

The lien law (section 56, c. 38, Laws 1909 [Consol. Laws, c. 33]) provides:

"When a laborer or a material man shall perform labor or furnish materials for an improvement of real property for which he is entitled to a mechanic's lien, the amount due to him shall be paid out of the proceeds of the sale of such property under any judgment rendered pursuant to this article, in the order of priority of his lien, before any part of such proceeds is paid to a contractor or a subcontractor." ·

To understand better this section, the statutory definitions of "contractor," "material man," and "improvement" must be in mind. The lien law (section 2) provides:

"Contractor. The term 'contractor,' when used in this chapter, means a person who enters into a contract with the owner of real property for the improvement thereof."

"Material man. The term 'material man,' when used in this chapter, means any person, other than a contractor, who furnished material for such improvement."

"The word 'improvement' when so used includes the erection, alteration or repair of any structure, upon, connected with or beneath the surface of any real property and any work done upon such property, or materials furnished for its permanent improvement."

So it is learned that a contractor is "a person who enters into a contract with the owner of real property for the improvement thereof." Improvement in legal meaning equals also "materials furnished for its permanent improvement." Therefore a person "who enters into a contract with the owner of real property" for furnishing materials for its permanent improvement is a contractor under the statute. By such definition De Long was a contractor. It cannot be 'that labor supplied is the essential of the contract; for, as seen, "erection, alteration or repair of any structure upon  *  *  *  and any work done upon such property" is an improvement, "or materials furnished for its permanent improvement" is such improvement. Why exclude the words as to materials, expressly disjoined by "or" from words that describe acts that involve labor alone, or labor joined to furnishing materials? A. may contract to erect, alter, or repair a structure, furnishing or not furnishing the material, or to do any work thereon, or to furnish materials therefor, and in either case he contracts for the improvement thereof.

Of course, if what De Long furnished was not for the improvement of the property, he would have no lien, and when he specifically contracts to furnish the material for the houses he becomes a contractor. He looked over the plans. He contracted in effect to sell to the owner for the erection of the houses material needed therefor, of specified description, "all for the sum of" $540. It is not a case of giving prices, as did the Supply Company, and leaving the owner to take when he wills, and in such quantities as he wills, or not at all if he so wills, but an absolute undertaking to furnish materials for specified houses "being erected," at a stated sum to be paid "as the work progresses." Every person who agrees to work on a building, or to furnish material to be used in such building, makes a contract for the work or material. But he does not necessarily undertake the improvement of the building in whole or in part. He does not assume the burden of furnishing the material for its construction. He may aid indefinitely. Here De Long definitely undertakes to aid specified buildings by definite terms specifically related to the erection of the houses, and his payments are measured in time by the progress of the building, to which progress he has agreed to contribute. The work in a measure depends upon his promised participation in it. Certainly he could not by his default defeat such progress and still demand absolute payment. He conditioned his payment by its interdependence with the work.

The preferred class is dissociated from such relation and resultant responsibility. In Herrmann & Grace v. City of New York, 130 App. Div. 531, 114 N. Y. Supp. 1107, the American Radiator Company was considered a materialman, as it furnished radiators to a company that had contracted to furnish and install radiators. Hedden Construction Company v. Proctor & Gamble Co., 62 Misc. Rep. 129, 114 N. Y. Supp. 1103, presents the case of a company selling lumber to a

contractor. The company knew the destination of the material, and probably upon whose contract it was supplied. In neither case was there any privity with the building undertaking or with the owner. The order of liens is as follows: First, the Brooklyn Builders' Supply Company; second, defendant George Robins; third, Albert W. De Long.

The order of September 14, 1909, should be affirmed; the order of October 6, 1909, should be reversed, with $10 costs and disbursements to the Brooklyn Builders' Supply Company against the respondent; and the moneys directed to be applied first to payment of lien of the Brooklyn Builders' Supply Company, and the balance to apply on the lien of George Robins.